# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3483

_____

International Brotherhood of Teamsters Local Union No. 682

*Plaintiff - Appellee*

v.

Thoele Asphalt Paving, Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 29, 2013
Filed: June 4, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

International Brotherhood of Teamsters Local Union No. 682 (Local 682) and Thoele Asphalt Paving, Inc. (TAP) have a collective bargaining agreement (CBA). Local 682 member Daniel Loeffelman filed a grievance under the CBA, complaining that TAP unjustly terminated him. Ultimately, the grievance was submitted to arbitration, and the arbitrator sustained the grievance and awarded Loeffelman

reinstatement and make-whole relief. Local 682 then brought an action in district court[1] to enforce the arbitration award. The district court entered judgment in favor of Local 682, and TAP appeals. For the following reasons, this court affirms. *See Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011) (in appeals from district court orders confirming arbitration awards, this court reviews factual findings for clear error and legal questions de novo).

The district court correctly concluded that the dispute was arbitrable, and that the arbitrator did not exceed his power by (1) determining that the CBA contained an implied just-cause-for-termination provision, and (2) awarding back pay. *See Trailmobile Trailer, LLC v. Int'l Union of Elec., Elec., Salaried, Mach., & Furniture Workers*, 223 F.3d 744, 746 (8th Cir. 2000) (review of arbitration award considers whether parties agreed to arbitrate and whether arbitrator had power to make award he made). As the district court observed, the CBA's arbitration clause was very broad, *see 3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) (arbitration clauses must be construed liberally; any doubts must be resolved in favor of arbitration); *Int'l Brotherhood of Teamsters v. Logistics Support Group*, 999 F.2d 227, 229-31 (7th Cir. 1993) (finding of nonarbitrability requires absolutely undeniable, specific reservation of issue in management-rights clause); the arbitrator's interpretation of ambiguous CBA provisions was within his authority, *see Int'l Paper Co. v. United Paperworkers Int'l Union*, 215 F.3d 815, 817 (8th Cir. 2000) (arbitrator's award is legitimate if it draws its essence from agreement); *SFIC Props. v. Int'l Ass'n of Machs. & Aerospace Workers*, 103 F.3d 923, 927 (9th Cir. 1996) ("[t]o infer a [just-cause] requirement is to find it already in the CBA . . . rather than to add a new requirement"); *Int'l Brotherhood of Teamsters*, 999 F.2d at 229-31 (7th Cir. 1993) (implied just-cause provision can trump management-rights clause); and the remedial portion of the award was appropriate, as the CBA did not

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

-2-

specifically prohibit the awarded remedies, *see United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 41 (1987) (although arbitrator's decision must draw its essence from contract, he must use his informed judgment to reach fair solution to problem, especially when formulating remedies); *see also Trailmobile Trailer*, 223 F.3d at 748 (noting the "remedial discretion" an "arbitrator customarily has in reviewing terminations for just cause").

The judgment of the district court is affirmed.

—————————————————